UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE | : |
| | : CHAPTER 7 |
| XUEDONG LIU AND DANYI QIAN | : CASE NO. 20-20296-JJT |
| | : |
| DEBTORS | : MARCH 20, 2020 |

**TRUSTEE'S APPLICATION FOR APPROVAL
OF EMPLOYMENT OF REAL ESTATE BROKER**

The application of Anthony S. Novak, Trustee, pursuant to 11 U.S.C. §327, respectfully represents:

1. Applicant is the duly qualified Trustee in this case.

2. It is necessary that your applicant employ a real estate broker to list and attempt to sell 41 Stonefield Road, Avon, CT (the "Property"). The Real Property is a single family dwelling with 7,691 sq. ft. of gross living area located on 3.8 acres. The area is developed with a compatible mixture of single family dwellings.

3. Based on a market analysis by Coldwell Banker Realty dated February 28, 2020, said Property has a fair market value of approximately $980,000.00.

4. The Debtors' schedules list the fair market value of the Property as $903,750.00.

5. Based on a market analysis requested by the Trustee and prepared by Coldwell Banker, the recommended listing price for said Property is $975,000.00. A proposed Listing Agreement between the bankruptcy estate and Coldwell Banker is attached hereto as Exhibit A.

6. Based on the Debtors' schedules, the only liens on said Property appear to be a first mortgage to Ally Financial in the amount of approximately $684,509.12.

1

7. The Debtors have elected a $75,000.00 exemption each in said Property pursuant to Conn. Gen. Stat. §52-352b(t) totaling $150,000.00.

8. At a $975,000.00 listing price, there appears to be non-exempt equity in the Property in the approximate amount of $140,390.88.

9. Your applicant wishes to employ Lisa Barall-Matt of Coldwell Banker Realty ("Coldwell"), 992 Farmington Avenue, West Hartford, CT 06107 because they are a local real estate broker which is familiar with the Property and Connecticut real property customs and sales. Coldwell's Exclusive Right to Sell Agreement is attached hereto and made a part hereof.

10. The professional services to be performed by Coldwell include listing the above Real Property and showing said Real Property for sale.

11. The terms of said employment is for a period of *EIGHT (8) months* (ending November 30, 2020) on a commission basis of Five (5%) percent of the sales proceeds. Any sale would be subject to Court approval. The proposed Listing price would be $975,000.00.

12. Your applicant believes that retention of Coldwell is within the best interests of the Estate because the Trustee has inquired as to the reputation and experience of Lisa Barall-Matt and upon information and belief the Trustee believes that this broker will be able to produce buyers for said Property in an expedited manner.

13. To the best of the applicant's knowledge, Lisa Barall-Matt of Coldwell has no connections with the Debtors, any of their creditors, or any other party in interest in this case, or any of their respective attorneys and accountants, and is a disinterested person

within the meaning of 11 U.S.C. §101(14) except that Lisa Barall-Matt had a sales listing on said property pre-petition with an asking price of $1,075,000.00.

WHEREFORE, the Applicant prays that the Court approve the employment of Lisa Barall-Matt of Coldwell Banker Realty to list and sell said Real Property for $975,000.00 as set forth above, and that the Court grant such other and further relief as the Court deems just.

                                              CHAPTER 7 TRUSTEE

By: */s/ Anthony S. Novak*
      Anthony S. Novak, Esq.
      Fed. Bar #ct09074
      Trustee In Bankruptcy
      280 Adams Street
      Manchester, CT 06040
      Tel: 860-432-7710
      Email: anthonysnovak@aol.com



**COLDWELL BANKER**

RESIDENTIAL BROKERAGE

**Exclusive Listing Agreement**
*Connecticut*

SELLER(s): *The Chapter 7 Bankruptcy Estate of* Danyi Qian, Xuedong Liu

PROPERTY ADDRESS: 41 Stonefield Rd, Farmington, CT  06032 ("Property")

LISTING AGENT(s): Lisa Barall-Matt    REB.0788420 ("Designated Agent(s)")
*Sales Associate(s) and License Number(s)*

You, the Seller(s), hereby retain Coldwell Banker Residential Brokerage ("Coldwell Banker") as your one and only real estate broker with respect to the Property identified above and you grant to Coldwell Banker sole and exclusive right to list, market, sell and/or rent the Property during the Term set forth herein.

1. **TERM:** This Agreement shall begin on _March 1̶7̶, 2020_ and end at midnight on _S̶e̶p̶t̶e̶m̶b̶e̶r̶ 1̶7̶ November 30, 2020_ ("Expiration Date"). The Term of this Agreement may be extended by mutual agreement; and, if you authorize an extension of any Multiple Listing Service (each an "MLS") listing of your Property, that shall also act as a like extension of the Term of this Agreement.

2. **LISTING PRICE:** You and Coldwell Banker agree that the Property will initially be listed at $ 975,000.00 , and that the Listing Price may be adjusted by mutual agreement.

3. **SCOPE OF COLDWELL BANKER REPRESENTATION:** The Designated Agent(s) named above has/have been appointed by Coldwell Banker to represent you, and will work in your best interest to procure a ready, willing and able Buyer (or Tenant/Lessee, as appropriate) of the Property in accordance with the price, terms and conditions specified in this Agreement, or other price and terms acceptable to you. You acknowledge that Coldwell Banker is being retained solely as a real estate broker and not as an attorney, tax advisor, lender, appraiser, surveyor, structural engineer, home inspector, property manager and/or other professional service provider; and that Coldwell Banker Agents do not assume any obligation to consult municipal records or authorities to confirm whether a property, as presently improved, complies with applicable municipal building and zoning codes, regulations and/or requirements. *You are advised to seek independent professional advice and counsel concerning the condition of the Property, legal and tax matters*, as well as other issues beyond the scope of real estate brokerage services offered by Coldwell Banker. In the event that Coldwell Banker provides you with names and/or resources for such advice and assistance, you understand and acknowledge that Coldwell Banker would be doing so as an accommodation only and that Coldwell Banker does not warrant or guaranty such services and/or providers. Coldwell Banker shall have no obligation to seek an extension to any date or deadline set forth in any written agreement between you and a Buyer, nor to seek the termination of any written agreement between you and a Buyer unless you, in a timely manner, explicitly make such a request in writing and Coldwell Banker specifically agrees, in writing, to accommodate that request.

4. **COLDWELL BANKER IS GRANTED THE SOLE AND EXCLUSIVE RIGHT AND AUTHORITY TO:** (a) Advertise the Property for sale and/or rent, and in relation thereto; (b) Cooperate with and offer compensation to Cooperating Brokers (including Buyers' Agents who represent the interests of the Buyer and not you, regardless of compensation structure) to the extent agreed to herein; (c) Post signs on the Property; (d) Photograph and/or record video images of the Property and distribute information about the Property, including electronic images, and in this regard you acknowledge and agree that any photographic, video and/or electronic images of the Property, as well as any related advertising, promotional and/or marketing materials that Coldwell Banker and/or its employees, agents, affiliates, servants or independent contractors create shall be and remain the sole and exclusive property of Coldwell Banker; (e) Manage and control the marketing of the Property; and (f) If requested, provide a copy of any written agreement for the purchase and sale of the Property to a Buyer's lender, appraiser, title company and/or closing attorney in order to facilitate the financing and/or closing of a purchase and sale of the Property. All the foregoing notwithstanding, it is expressly understood that you do NOT grant to Coldwell Banker or to its affiliated Sales Associates any right or authority to take any actions that would create binding obligations on your behalf.

5. **SELLER AGREES:**

    a. To cooperate with Coldwell Banker in every reasonable way and to refer all inquiries and offers for the purchase and/or rental of the Property to Coldwell Banker during the Term of this Agreement;

    b. To pay Coldwell Banker a fee for professional services ("Commission") equal to _5_ % of the gross sales price if:

        (i) During the term of this Agreement a Buyer is procured ready, willing and able to purchase (which term shall include purchase, assignment, transfer, exchange or other conveyance) the Property or any portion thereof in accordance with the price, terms and conditions set forth in this Agreement, or upon such other price, terms and conditions as shall be acceptable to you; or

        (ii) During the Term of this Agreement the Property, or any portion thereof, is sold (which term shall include the sale, assignment, transfer, exchange or other conveyance) or becomes subject to an agreement or option to purchase or sell through the efforts of anyone, including you, to any person or entity including, but not limited to, a co-owner of the

EXCLUSIVE LISTING AGREEMENT                    Page 1 of 6                    Seller Initials _____

Coldwell Banker® is a registered trademark of Coldwell Banker LLC. Each Office Is Owned And Operated by NRT LLC.
An Equal Opportunity Company    Equal Housing Opportunity    © 2008 NRT LLC. Revised March 13, 2018

Coldwell Banker Residential Brokerage - West Hartford, 992 Farmington Avenue West Hartford CT 06107    Phone: (860)614-9650    Fax: (860)231-2888    Danyi and Xuedong
Lisa Barall-Matt    Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com

**EXHIBIT A**

Property, spouse/domestic partner, relative or heir, holder of an equitable or other interest in the Property (such as a Right of First Refusal), etc. In the event the Property is assigned, transferred, exchanged or conveyed for nominal consideration (e.g., "one dollar and other valuable consideration"), then the Commission shall be calculated, as set forth above, based upon the Listing Price. In the case of a sale and/or transfer of an interest in the Property between co-owners, the Commission will be based upon the greater of the actual sale price and the Listing Price; and, if based on the Listing Price, the commission shall be pro-rated to reflect the percentage interest being transferred. For example, in the case of a sale or transfer of a fifty percent (50%) interest in the Property from one co-owner to another, the Commission will be calculated based on either the sale price or fifty percent (50%) of the Listing Price, whichever is greater; or

(iii) The Property, or any portion thereof, is sold or becomes subject to an agreement or option to purchase or sell within 180 days after expiration of the Term of this Agreement (the "Protection Period") to any person or entity who was introduced to the Property by anyone, including you, prior to the expiration of the Term of this Agreement (each an "Introduced Buyer"). However, in the event the Property is sold during the Protection Period to any Introduced Buyer with the participation of a licensed broker to whom you are obligated to pay a fee under the terms of a subsequent written exclusive listing agreement, then you will only owe to Coldwell Banker pursuant to this provision the difference, if any, between the Commission called for in this Agreement and any lesser amount you actually pay to such subsequent licensed broker.

c. If the sale of the Property entails the sale of land and the construction of a home and/or other structure(s) by you on the Property, then the Commission shall be calculated based on the aggregate of the price paid by the Buyer for the land and any building(s) and/or improvement(s) constructed thereon. In the event that a purchaser first buys unimproved land from you and you then construct a dwelling on the Property, then the Commission payable in connection with the sale of the land shall be due upon closing on the purchase of the land by the Buyer and the Commission payable in connection with the cost of the improvements shall be payable no later than the issuance of an occupancy permit for the building(s).

d. If you rent the Property to a Buyer/Tenant during the Term of this Agreement or during the Protection Period, as set forth in Paragraph 5 b. (iii) above, then you shall pay Coldwell Banker a Commission equal to ten percent (10%) of the total rent payments due under such rental agreement; and if you sell the Property to any such Buyer/Tenant during the term of such tenancy or within one (1) year after the termination of such tenancy (which term shall include any extension to and/or renewal of the original term) then, upon closing on the sale of the Property to said Buyer/Tenant, you shall pay to Coldwell Banker a Commission as set forth in Paragraph 5 b. above.

e. ~~To pay all Commissions and/or other compensation due hereunder no later than the closing date, including transactions that close after the Expiration Date of this Agreement, and you agree that Coldwell Banker may retain any earnest money deposits held in escrow and apply those deposit funds against any compensation due.~~ *Commission shall be paid after Application and Approval of the Bankruptcy Court. a.m.*

f. In the event that a Buyer enters into a contract to purchase the Property and thereafter defaults under the purchase contract and if, as a result of such Buyer's default, you retain any portion of any earnest money deposit given by such Buyer in connection with the purchase contract, then Coldwell Banker shall be entitled to one-half of any such deposit sum or an amount equal to the Commission that would have been due had the sale been consummated, whichever is less.

6. **NATURE OF COLDWELL BANKER'S REPRESENTATION:**

a. **Designated Agency.** As authorized by Connecticut law, Coldwell Banker has adopted a policy of designating a specific Sales Associate (or Associates) to represent each Seller client as a Designated Seller's Agent and each Buyer client as a Designated Buyer's Agent. A Designated Agent owes the client fiduciary duties such as loyalty, reasonable care, disclosure, obedience to lawful instruction, accounting for funds and the obligation not to reveal to others confidential information obtained from the client without the client's prior consent; and this includes not disclosing confidential information to other Coldwell Banker Associates. However, a Designated Seller's Agent may disclose a client's confidential information to the Agent's Sales Office Manager or Designating Broker, for the purpose of seeking advice or assistance for the client's benefit. And, if the Sales Office Manager or Designating Broker is consulted in this manner, that person will not reveal such information to others, including other Coldwell Banker Sales Associates or to any other customers or clients. The Coldwell Banker Sales Associate(s) identified on page 1 of this Agreement has/have been appointed to act as your Designated Seller's Agent(s). Should the Designated Agent(s) named herein be unable to fulfill the terms of this Agreement, then another Designated Agent may be chosen during the term of your Agreement with Coldwell Banker. Appointment of another Designated Agent as a new or additional agent does not relieve any prior Designated Agent of the duty not to disclose confidential information. It is possible that Coldwell Banker may be representing both the Seller and Buyer in connection with the same real estate purchase and sale transaction. In the event that another Coldwell Banker Designated Agent represents the Buyer in a transaction with you and your Designated Seller's Agent, both parties will receive and be asked to sign a Dual Agency/Designated Agency Disclosure Notice and Consent Agreement form confirming that this fact has been disclosed to both parties.

b. **Dual Agency.** In the event that the same individual Coldwell Banker Sales Associate represents both the Seller as a Designated Seller's Agent and the Buyer as a Designated Buyer's Agent in the same transaction, then this will create what is referred to as Dual Agency and will make the Sales Associate a Dual Agent. A Dual Agent is authorized to assist the Seller and Buyer in such a transaction, but is required to be neutral with regard to any conflicting interest of the Seller and Buyer. Consequently, a Dual Agent will not have the ability to satisfy fully the duties of loyalty, full disclosure, and obedience to all lawful instructions otherwise owed to a client by a Designated Agent if such would be to the disadvantage of either party; but a Dual Agent will



still owe to both Seller and Buyer the duties of confidentiality and to account for funds. Confidential information includes: (i) whether a Seller will accept less than the asking or listed price; (ii) whether a Buyer can pay a price greater than the price offered; (iii) the motivation of either a Seller or Buyer for selling or buying a Property; and (iv) whether a Seller or Buyer will agree to terms or conditions other than those offered. Confidential information that is obtained from either a Seller client or a Buyer client may not be disclosed by a Dual Agent, except: (1) if disclosure is expressly authorized by the party whose information is to be disclosed; (2) if such disclosure is required by law; (3) if such disclosure is intended to prevent illegal conduct; or (4) if such disclosure is necessary to defend a claim against the broker or licensee or to prosecute a claim against a person represented. This duty of confidentiality shall continue after termination of the brokerage representation relationship with respect to information disclosed during the Term of that brokerage relationship. A Dual Agent will not be able to prepare a comparative market analysis for either party after a Dual Agency situation arises, as it may adversely affect one party's bargaining position relative to the other party. If a comparative market analysis was prepared for either client and a Dual Agency situation subsequently arises, the Dual Agent may only provide that comparative market analysis to the other party with the prior consent of the party for whom it was initially prepared. In the event that a Dual Agency situation does arise, both Seller and Buyer will be asked to sign a Dual Agency/Designated Agency Disclosure Notice and Consent Agreement to confirm their consent to the Sales Associate acting as a Dual Agent. In the event that either the Seller or the Buyer in a given transaction does not consent to Dual Agency, then Coldwell Banker will designate another Sales Associate to represent one of the parties as their Designated Agent. In that event, each Designated Agent will offer to each party full Designated Agency representation, with the exception that the original Designated Seller's Agent will not disclose to either party any confidential information the agent may have previously gained about either client. *[handwritten: Seller does not consent to Coldwell Banker acting as a dual Agent]*

7. **COMPENSATION TO OTHER BROKERS:** You and Coldwell Banker agree that Coldwell Banker will offer to compensate Cooperating Brokers acting as a Buyer's Agent in a sum equal to __2.500__ % of the contract price.

8. **SELLER'S REPRESENTATIONS, WARRANTIES AND ACKNOWLEDGMENTS:**

   a. **General:**
      (i) You hold clear and marketable title to the Property and/or are duly authorized to list and sell the Property.
      
      (ii) You are not in bankruptcy nor contemplating filing bankruptcy during the Term of this Agreement or, in the alternative, if you are in bankruptcy or file for bankruptcy protection during the Term of this Agreement, then you agree to take all actions necessary to secure authorization from the Bankruptcy Court for Coldwell Banker to act as listing real estate broker for the listing, marketing, sale and/or rental of the Property and to be compensated fully therefor as set forth in this Agreement, and you authorize Coldwell Banker to make any and all necessary disclosures to potential purchasers regarding the foregoing.
      
      (iii) You are not in default on the payment of any loan, debt, account or other obligation secured by a mortgage or other lien against the Property or, in the alternative, you have informed Coldwell Banker of any and all arrearages with respect to the foregoing and have supplied Coldwell Banker with copies of any and all written notices or other documentation you have received in relation to any party's effort or intention to institute foreclosure proceedings against you and/or the Property.
      
      (iv) You represent that there are or will be no other listing agreements with other real estate brokers for the sale of the Property in effect as of the beginning or commencement date of this Agreement, as recited in Paragraph 1 above.
      
      (v) You warrant that you will, during the term of this Agreement, maintain homeowner's insurance on the Property and that such insurance on the Property will protect against risk of loss of both personal property and from personal injury to persons on the Property, and you specifically agree that, in connection with any showing of the Property to prospective purchasers (including any "Open House" showings), you will take whatever action that you may deem necessary to safeguard items of personal property and you specifically acknowledge that Coldwell Banker does not provide security services and that Coldwell Banker shall not be responsible with respect to any loss of or damage to your Property, or injury to any person, that may occur during or in connection with showing the Property to prospective purchasers, home inspectors, appraisers or others permitted to enter onto the Property.
      
      (vi) You represent and warrant that: (1) any information furnished to Coldwell Banker in connection with the Property is true, accurate and complete to the best of your knowledge and belief; (2) you either own or are duly and legally licensed or otherwise authorized to print, publish, post, disburse, distribute and/or otherwise to make use of (collectively, to "Use") any photographs, images, drawings, renderings, graphic representations, plans, etc. (collectively "Images") that you may provide to Coldwell Banker; (3) you authorize Coldwell Banker to disclose any information furnished by you and/or to Use any Images you may have provided in connection with the performance of Coldwell Banker's services under this Agreement; and (4) you, further, agree to hold harmless and indemnify Coldwell Banker (and any Sales Associate affiliated with Coldwell Banker) with respect any claim, demand, action, cause of action, suit, and/or controversy whatsoever, whether in law, equity or otherwise, related to the disclosure of any of the foregoing information and/or Use of any Images described above.

b. **Regarding Financial Obligations and Other Legal Matters Related To The Property:**

(i) You represent that the amount of the proceeds that you anticipate receiving from the sale of the Property ☒ **will be** / ☐ **will not be** sufficient to fully satisfy the aggregate amount of any existing mortgages, liens and/or financial encumbrances affecting the Property. If you do not have or do not anticipate having sufficient funds to satisfy all financial obligations and clear all mortgages and liens against the Property, you agree to use your best efforts to obtain from your lender(s) and/or lien holder(s), as the case may be, agreement to accept in full satisfaction of its debt such lesser sum as may be necessary to permit transfer of title free and clear of all encumbrances and to compensate Coldwell Banker fully as set forth in this Agreement. Please identify all known mortgages, liens and financial encumbrances affecting the Property, together with the approximate outstanding indebtedness applicable to each:

☒ First Mortgage $ _____    ☐ Second Mortgage $ _____    ☐ Home Equity $ _____
Other: _____.

(ii) If the Property is part of a condominium, cooperative, planned unit development or otherwise a part of and/or subject to the authority of a home owners' association ("HOA"), you represent that: (1) the current monthly association fee is $ _____ and that, unless noted below, you have no knowledge of a planned increase in the fee, and (2) to the best of your knowledge, the Property ☐ **is not** / ☐ **is** subject to any current or anticipated special or extraordinary fees, assessments, charges or rents above and/or beyond any regular periodic condominium, cooperative, home owners' association fees, or the like. Please describe any applicable special or extraordinary fees, assessments, charges, or change in monthly fee(s), etc. (please write "N/A" if this paragraph is not applicable): _____.

(iii) You represent that, to the best of your knowledge and belief, the Property ☐ **is** / ☒ **is not** subject to existing or pending municipal betterment assessments (e.g., for public sewer, water, etc.) and that, if the Property *is* subject to any municipal betterment assessment, the details and total outstanding balance of such assessment(s) shall be fully disclosed to prospective purchasers before an offer to purchase the Property is accepted. Please describe any applicable Betterment Assessment(s): _____.

(iv) You represent that the Property ☐ **is** / ☒ **is not** served by a rented or leased hot water heater, propane tank and/or other facility, equipment or appliance; and that, if the Property is served by a rented or leased hot water heater or other facility, equipment or appliance, you will fully disclose this fact to any prospective purchaser prior to entering into any purchase and sale contract. Please describe any applicable rented or leased facility, equipment or appliance: _____.

(v) You represent that the Property ☐ **is** / ☒ **is not** monitored by any audio or video surveillance equipment, and you understand and agree that: (1) if the Property *is* monitored by any video surveillance equipment, this fact must be disclosed to all persons prior to their entry onto the Property; and (2) if the Property *is* monitored by any audio *or* video surveillance equipment capable of transmitting to others and/or recording conversations this fact must be disclosed to all persons *and* such persons must provide their written consent to such audio surveillance prior to their entry onto the Property, unless such equipment is disabled prior to any person entering the Property (18 USC § 2511(2)(d); Conn. Gen Stat. § 53a-189 and §53a-189a). Please describe the nature and location of any applicable audio and/or video surveillance equipment: _____.

(vi) You represent that, to the best of your knowledge and belief, the Property is not subject to any encumbrances, easements, restrictions or other limitations on the owner's full and unfettered right to use and enjoy the Property free from interference of others (including HOA restrictions), nor are there any limitations on your right to sell the Property, except for the following:

☐ Easement    ☐ Right of Way    ☐ Restrictive Covenant    ☐ Right of First Refusal    ☐ Other

Please explain any items checked (please write "none" if applicable): _____.

9. **KEYS, SHOWINGS and LOCKBOXES:** Unless otherwise stated, Coldwell Banker shall retain a key to the Property and will have access for showing the Property to Cooperating Brokers and prospective purchasers. Coldwell Banker ☐ **is** / ☐ **is not** granted permission to install a Lockbox/Keybox/Keysafe on the Property for the purpose of facilitating access to Cooperating Brokers and others authorized to examine the Property.

10. **MULTIPLE LISTING SERVICE AND INTERNET DISPLAY:** You grant to Coldwell Banker the sole and exclusive right to: (a) display the Property and related information on internet website(s) including, but not limited to **ColdwellBankerHomes.com** ; and (b) list the Property with any MLS and/or similar electronic database for publication to and by its participants and, in this regard - unless you notify Coldwell Banker in writing to the contrary - you hereby grant to Coldwell Banker express permission to enter your name into and/or transmit your name and/or upload or post documents (e.g., Lead Paint Disclosure Form) containing your name to such MLSs or electronic databases, understanding that the same may be accessible to persons other than your Designated Agent. Unless otherwise indicated under "special showing instructions" immediately below, you agree to permit other Brokers licensed in Connecticut to display the Property on their website(s) as part of the Internet Data Exchange program, a Virtual Office Web Site, or

otherwise on other similar media, at Coldwell Banker's option. You agree that neither any MLS nor Coldwell Banker is responsible for errors and/or omissions appearing in such MLS. You authorize Coldwell Banker to provide timely notice of status changes of this Exclusive Listing Agreement and to provide sales information, including selling price upon sale of the Property, to any applicable MLS.

**Special Showing Instructions** including exceptions to internet display: _____
_____

11. **OFFERS and MULTIPLE OFFERS:** Coldwell Banker's obligation to *seek* offers shall terminate when you accept and sign a written offer provided, however, that Coldwell Banker will *present* all written and signed offers that are received even if they are received after an offer is accepted. You also agree that, in the event of a multiple offer situation, Coldwell Banker may disclose (to a Buyer who has submitted an offer and/or to any such Buyer's Broker) the fact that you have received other offers on the Property.

12. **COLDWELL BANKER AS ESCROW AGENT; DEPOSIT DISBURSAL and DISPUTES:** In its capacity as Escrow Agent with respect to any earnest money deposit ("Deposit"), Coldwell Banker will act as a neutral custodian of said funds. Coldwell Banker shall not place any Deposit(s) into its Escrow Account unless and until you and a Buyer sign a purchase contract upon receipt of which Coldwell Banker, as the Escrow Agent, shall promptly deposit any tendered Deposit(s) into its Escrow Account. Coldwell Banker's Escrow Account is non-interest bearing. All Deposits received by Coldwell Banker shall be duly accounted for at the Closing and transfer of the title to a Buyer, or at such other time as may be applicable. At the time of Closing, the Buyer shall receive credit for the full amount of the Deposit(s) paid by the Buyer. Coldwell Banker will disburse Deposit funds only to those persons and/or entities explicitly named as parties to any applicable purchase contract. You understand and acknowledge that Coldwell Banker's status as Escrow Agent shall have no effect on the ability of your Designated Agent or a Designated Buyer's Agent to represent the interests of their respective client(s). Coldwell Banker is not authorized to, nor does Coldwell Banker assume any duty to investigate, assess, evaluate, mediate, arbitrate or settle any dispute that may arise between you and a Buyer as to either party's entitlement to any Deposit(s) in the event of non-performance under a purchase agreement. In the event of any kind of dispute regarding the disposition of any Deposit(s) held in its Escrow Account, Coldwell Banker shall retain all Deposits in its Escrow Account until: (a) Coldwell Banker receives instructions mutually given in writing by you and the Buyer; or (b) Coldwell Banker receives documentation that the dispute has been resolved by a Court Judgment or other authorized adjudicatory entity and all applicable Appeal periods have expired without either party filing an Appeal; or (c) Coldwell Banker determines that it is required, under State law (i.e., Connecticut General Statutes Chapter 32 § 3-64a, et. seq.), due to the Buyer's and/or your failure to commence litigation within the applicable statutory period (i.e., three years), to transfer the funds to the State of Connecticut as unclaimed/abandoned property, in which event Coldwell Banker shall deduct from the Deposit(s) its reasonable administrative and/or legal costs and fees associated with such transfer. In the event the parties initiate litigation to resolve any dispute: (i) upon mutual agreement of the parties involved in any lawsuit regarding any Deposit(s), Coldwell Banker will transfer any disputed funds to the presiding court, but Coldwell Banker will *not* institute a legal action (e.g., "interpleader") to resolve such a dispute; (ii) you will *not* name Coldwell Banker as a party to any such litigation but, in the event that Coldwell Banker - in its capacity as escrow agent - is made a party to any lawsuit regarding Deposit(s) then Coldwell Banker shall be entitled to recover reasonable attorney's fees and legal costs associated with the defense of said lawsuit; and (iii) the prevailing party or parties seeking disbursal of any Deposit(s) as a result of a judgment or other adjudication shall be responsible for providing Coldwell Banker with documentation obtained from the court or authorized adjudicatory entity evidencing that said court or authorized entity rendered a judgment or other binding decision, and neither party appealed said judgment or decision within the applicable appeal.

13. **STATEMENTS REQUIRED BY LAW and/or THE NATIONAL ASSOCIATION of REALTORS'® CODE OF ETHICS:**

    a. This Agreement is subject to the Connecticut General Statutes prohibiting discrimination in commercial and residential real estate transactions (Connecticut General Statutes Title 46a, Chapter 814c). It is unlawful under Federal and State Fair Housing Law to discriminate on the basis of race, color, creed, religion, national origin, ethnicity, ancestry, sex (gender), marital status, age, sexual orientation, learning disability, physical or mental handicap, disability, disorder or retardation (including, but not limited to, blindness or deafness), familial status (families with children under age 18) and lawful source of income in the acquiring or disposition of real property.

    b. **THE AMOUNT OR RATE OF REAL ESTATE BROKER COMPENSATION IS NOT FIXED BY LAW. IT IS SET BY EACH BROKER INDIVIDUALLY AND MAY BE NEGOTIABLE BETWEEN YOU AND THE BROKER.**

    c. THE REAL ESTATE BROKER MAY BE ENTITLED TO CERTAIN LIEN RIGHTS PURSUANT TO CHAPTER 392 § 20-325a OF THE CONNECTICUT GENERAL STATUTES.

    d. Federal law requires the Owner(s) of "target property", which is generally defined as property constructed prior to 1978, to: (1) disclose the presence of lead-based paint or lead-based paint hazards; and (2) furnish any records, reports, inspections or other documents in the Owner's possession concerning these items.

    e. You understand that, while Coldwell Banker will represent you under the terms of this Agreement, Coldwell Banker may have or obtain listings on other properties; and, prospective purchasers of your Property may consider, make offers on or purchase either your Property or other properties while using Coldwell Banker's services.

    f. You understand and agree that, pursuant to the Uniform Property Condition Disclosure Act (Connecticut General Statutes Section 20-327b), you are required to disclose all known material information about the Property on the Residential Property Condition Disclosure Report ("Report") provided by Coldwell Banker; and Coldwell Banker shall provide the Report and



disclose all known material information to prospective purchasers. In the event that you fail to furnish a prospective purchaser with the Report prior to said prospective purchaser's execution of any binder, contract to purchase, option or lease containing a purchase option, you will be required by the aforementioned statute to provide a credit to such prospective purchaser in the sum of $500.00 at closing.

14. **ELECTRONIC SIGNATURES:** You and Coldwell Banker agree that the parties may use an electronic record, including a facsimile and/or e-mail, to make and keep this Agreement; and, both parties intend that such a faxed or e-mailed Agreement, containing either the original or copies of the parties' signatures, shall constitute a binding Agreement. Either party hereto has the right to withdraw consent to have a record of this Agreement provided or made available to them in electronic form, but such withdrawal of consent shall not act to withdraw any prior consent to this Agreement having been made or provided in electronic form. If checked below, you consent to the use of such electronic record and wish to use the following for purposes of this paragraph:

    ☐ Facsimile Number(s): _____
    ☐ E-mail Address(es): _____

    Each party will promptly inform the other of any change in facsimile number and/or e-mail address.

15. **GENERAL TERMS OF AGREEMENT:** This document represents the entire agreement between you and Coldwell Banker and supersedes any other agreement of any nature and/or type, whether oral or written, which may exist between the parties in relation to the Property on the date of execution of this Agreement. This Agreement shall not be modified unless said modification is in writing and signed by all parties to be bound by any such modification; verbal modifications shall not be enforceable. You may not assign this Agreement. This Agreement shall bind the respective officers, directors, agents, attorneys, executors, administrators, distributees, successors, heirs and assigns, as the case may be, of you and Coldwell Banker. You agree to indemnify and hold Coldwell Banker harmless from and against all loss, costs and/or expenses in connection with your breach of any term or condition of this Agreement and, more specifically in this regard, you agree to pay all of Coldwell Banker's Attorneys' Fees, legal costs and expenses incurred due to your breach of and/or Coldwell Banker's efforts to enforce any term or condition hereof. This Agreement shall be governed by the laws of the State of Connecticut.

16. **SELLER'S CONTACT INFORMATION:**

    Contact Phone: _____  E-Mail Address(es): _____
    Contact Phone: _____  E-Mail Address(es): _____
    Seller's Address (if different from Property): _____

17. **ADDITIONAL TERMS AND CONDITIONS:** *Appointment of Real Estate Broker, term of Listing Agreement, and Approval of Sale Price are all subject to Bankruptcy Court Review and Approval. denk & Truly*

**NOTE:** This is a legal document that creates binding obligations. If not understood, consult an attorney. The term "Seller" and "you" shall refer to and be binding upon all Sellers, their heirs and successors; and the term Broker shall include Coldwell Banker, its agents, affiliates and successors.

**BY SIGNING BELOW,** Seller and Coldwell Banker acknowledge that they have read and understand the entire Agreement, including the provisions relating to Designated Agency and Dual Agency, and Seller and Coldwell Banker agree to all the terms, conditions and provisions hereof.

**Coldwell Banker Residential Brokerage**

| Seller<br>Danyi Qian | 03/17/2020<br>Date | By: _____<br>Lisa Barall-Matt |

| Seller<br>Xuedong Liu | 03/17/2020<br>Date | |

For Office Use:
Manager: _____
SIS#: _____
Prop. Addr.: 41 Stonefield Rd
Farmington, CT 06032



UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE                                  :       CHAPTER 7
                                       :       CASE NO. 20-20296-JJT
XUEDONG LIU AND DANYI QIAN             :
                                       :
DEBTORS                                :

## AFFIDAVIT OF PROPOSED REAL ESTATE BROKER

STATE OF CONNECTICUT  )
                      ) ss: West Hartford
COUNTY OF HARTFORD    )

I, Lisa Barall-Matt, hereby make solemn oath:

1. I am a licensed real estate sales agent, duly authorized to do business in the State of Connecticut.

2. I am employed as a real estate broker by Coldwell Banker Realty, 992 Farmington Avenue, West Hartford, CT 06107.

3. I have no connection with the above-named Debtors, their creditors, or any party in interest herein.

4. The professional services to be rendered by myself and Coldwell Banker Realty include finding a buyer and consummating a sale for the Debtors' property located at 41 Stonefield Road, Avon, CT (the "Property").

5. The terms of my employment is for a period of _EIGHT (8) months_ (ending November 30, 2020) with a commission of Five Percent (5%); I understand that any sale is subject to Court approval and to the approval of secured lien holders on said Real Property.

6. I understand that any commission and costs related to a successful sale must be approved by the Bankruptcy Court after application and hearing.

_/s/ Lisa Barall-Matt_
Lisa Barall-Matt

Subscribed and sworn to before me this 17th day of March 2020.

_/s/ Jennifer Dragon_
Notary Public/
Commissioner of Superior Court

JENNIFER DRAGON
Notary Public, State of Connecticut
My Commission Expires Nov. 30, 2024

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE | : |
| | :    CHAPTER 7 |
| XUEDONG LIU AND DANYI QIAN | :    CASE NO.  20-20296-JJT |
| | : |
| DEBTORS | : |

**PROPOSED ORDER APPOINTING REAL ESTATE BROKER**

Upon the application of Anthony S. Novak, Trustee, for authority to employ Lisa Barall-Matt of Coldwell Banker Realty as real estate broker to sell the estate's interest in the real property known as 41 Stonefield Road, Avon, CT for a listing price of $975,000.00 and it appearing that Lisa Barall-Matt of Coldwell Banker Realty is a disinterested person as defined in the Bankruptcy Code, and sufficient cause having been shown, it is

ORDERED that the employment of Lisa Barall-Matt of Coldwell Banker Realty of 992 Farmington Avenue, West Hartford, CT 06107 as a real estate broker to list, market and sell 41 Stonefield Road, Farmington, CT at an asking price of $975,000.00 is approved for a period of ***EIGHT (8) months*** (ending November 30, 2020) on a commission basis of five percent (5%) of the sales proceeds, payment of which is subject to further order of this Court and it is further

ORDERED that no commission will be due unless a sale is consummated.